**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACOB ANDREW FIKTUS, | ) | CASE NO.: 1:20-cv-01689 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Jacob Fiktus to the Report and Recommendation ("R&R") of the Magistrate Judge. On July 29, 2021, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On August 12, 2021, Fiktus objected to the R&R. On August 25, 2021, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.*

Fiktus' objection focuses on his argument that the "ALJ's finding was not supported by substantial evidence because he erroneously failed to include the need for a wheelchair for long distances and failed to include the opinions and findings of the treating sources in his RFC." Doc. 20 at 3.

In support, Fiktus first argues that the ALJ erred in concluding that the evidence did not establish that he medically required a wheelchair. The R&R concludes that the ALJ identified substantial evidence supporting the determination regarding wheelchair use and thoroughly explained his reasoning. Specifically, the R&R recognized that Dr. Kahn noted Fiktus' periodic use of a wheelchair, but Dr. McKee and Dr. Diruzza indicated that Fiktus did not require an assistive device for ambulation. The R&R concluded that despite citations to the record that Fiktus used a wheelchair as needed for long distances, the record did support a finding that Fiktus medically required a wheelchair or the circumstances under which he would need to use the wheelchair.

Fiktus argues that the record established that he "needed to use a wheelchair at times." Doc. 20 at 2. In support, he asserts that Dr. McKee noted that he had gait disturbance since he was two years old and used a wheelchair for long distances. This citation, however, is to Dr. McKee's recitation of Fiktus' report that he had been using a wheelchair – not that such use was medically necessary. The magistrate judge cited to Dr. McKee's conclusion that, on exam, Fiktus did not require an assistive device for safe ambulation.

Fiktus also asserts that Dr. Diruzza's physical medical source statement indicating that he did not have to use a cane or other hand-held assistive device does not include his use of a wheelchair, which, Fiktus argues, is not a "hand-held assistive device." Fiktus does not support

this interpretation. Further, Fiktus does not point to any record evidence to establish that the wheelchair was prescribed by a treatment provider as medically necessary, or under which circumstances a wheelchair was medically needed. Accordingly, the R&R did not err when it found no error was committed by the ALJ.

Fiktus next objects to a statement the magistrate judge made in his discussion of the ALJ's omission of treating psychiatrist Dr. Ahmed's opinion that he would be off task 10% of the time. The magistrate judge concluded that any error in omitting Dr. Ahmed's off-task opinion was harmless. The magistrate judge incorrectly stated that the vocational expert testified that off-task performance of at least 20% of the workday **was not** work-preclusive. In fact, the vocational expert testified that off-task performance for at least 20% of the workday **was** work-preclusive. The Commissioner acknowledges this error. Fiktus summarily asserts that this misstatement resulted error necessitating a remand. He does not challenge nor argue that magistrate judge's conclusion that the ALJ did not err by omitting Dr. Ahmed's opinion regarding off-task time. He does not connect the misstatement to any error in the magistrate judge's conclusions. Accordingly, the R&R did not err when it found no error was committed by the ALJ.

For the reasons stated above, Fiktus' objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: November 29, 2021         /s/ John R. Adams
                                 JUDGE JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE